U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAR - 7 2014
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CLIM EUGENE THOMAS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:13-CV-875-A |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Clim Eugene Thomas, a state prisoner incarcerated in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against William Stephens, Director of TDCJ, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed as time-barred.

### I. Factual and Procedural History

The state court records reflect that on October 25, 2004, pursuant to a plea agreement, petitioner pleaded guilty to aggravated assault with a deadly weapon in the 213th District Court of Tarrant County, Texas, Case No. 0916131D, in exchange

for a 15-year sentence. (01SHR[1] at 66-71) On January 31, 2005, the trial court sentenced petitioner accordingly and ordered his 15-year sentence to run concurrently with his 15-year sentence for burglary of a habitation in Case No. 0858380W. (*Id.* at 71) Petitioner did not directly appeal his conviction or sentence. (Pet. at 3)

Petitioner filed two postconviction state habeas petitions challenging his conviction in January 2007 and July 2013. The first was denied by the Texas Court of Criminal Appeals without written order on the findings of the trial court, and the second was dismissed as a subsequent petition. (01SHR at cover; 02SHR at cover) Petitioner also filed a postconviction motion for forensic DNA testing, which was denied. *Thomas v. State*, No. 02-13-390-CR, 2013 WL 5593306 (Tex. App.-Fort Worth Oct. 10, 2013). Petitioner filed a notice of appeal from the denial, but the appeal was dismissed as untimely. *Id.*

This federal petition was filed on November 13, 2013.[2]

---

[1] "01SHR" refers to the court record of petitioner's state habeas application in No. WR-69,212-01; "02SHR" refers to the court record of his state habeas application in No. WR-69,212-03.

[2] A pro se habeas petition filed by an inmate is deemed filed when the petition is placed in the prison mail system for mailing. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

Petitioner raises five claims under the pretext of an "actual innocence" claim. (Pet. at 6) Respondent contends the petition is untimely.

## II. Statute of Limitations

28 U.S.C. § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

3

judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision, the judgment of conviction became final and the one-year limitations period began to run upon expiration of the time petitioner had for filing a timely notice of appeal on March 2, 2005, and closed one year later on March 2, 2006, absent any applicable tolling. Tex. R. App. P. 26.2; *Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998).

Petitioner's postconviction state habeas petitions and motion for forensic DNA testing, filed after limitations had already expired, did not operate to toll the limitations period under the statutory provision. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). *See also Hutson v. Quarterman*, 508 F.3d 236, 240 (5th Cir. 2007) (holding motion to test DNA evidence under article 64 of the Texas Code of Criminal Procedure constitutes "other collateral review" for purposes of § 2244(d)(2)).

4

Nor has petitioner demonstrated rare or exceptional circumstances warranting tolling as a matter of equity. *Holland v. Florida*, 560 U.S. —, 130 S. Ct. 2549, 2552 (2010). For equitable tolling to apply, a petitioner must show "(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way" and prevented him from filing a timely petition. *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408 (2005)).

Petitioner asserts his federal petition should not be time-barred based on new and reliable evidence showing that his guilty plea was coerced, that his trial counsel failed to have the plea proceeding recorded and to inform him of his appellate rights, and that the state failed to satisfy its burden of proof. (Pet'r Reply 1-11 & Exs. A-D) The trial court, based largely on the documentary record and counsel's affidavits, expressly found that petitioner's plea was intelligent, knowing, and voluntary, that counsel advised petitioner of his rights, including his right to a jury trial and his right to appeal, and that petitioner's admissions and the corroborating medical evidence were sufficient to find petitioner guilty as a party. (01SHR at 31, 36, 54-63) Petitioner presents no newly discovered evidence sufficient to undermine the state court's findings.

Petitioner also asserts his federal petition should not be time-barred given his lack of knowledge of the law and filing deadlines, his incarceration, his pro se status, and his difficulty obtaining copies. It is well settled however that these excuses, all common problems of inmates who are trying to pursue postconviction habeas relief, do not suffice as a basis for equitable tolling of the limitations period. *Felder v. Johnson*, 204 F.3d 168, 172-73 (5th Cir. 2000); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

Finally, in *McQuiggin v. Perkins*, the Supreme Court held a prisoner filing a first-time federal habeas petition could overcome the one-year statute of limitations in § 2244(d)(1) upon a showing of "actual innocence" under the standard in *Schlup v. Delo*, 513 U.S. 298, 329 (1995). *McQuiggin*, -- U.S. --, 133 S. Ct. 1924, 1932-33 (2013). A habeas petitioner, who seeks to surmount a procedural default through a showing of "actual innocence," must support his allegations with "new, reliable evidence" that was not presented at trial and must show that it was more likely than not that, in light of the new evidence, no juror, acting reasonably, would have found the petitioner guilty beyond a reasonable doubt. *Schlup*, 513 U.S. at 326-27. *See also House v. Bell*, 547 U.S. 518, 539-54 (2006) (discussing at length

the evidence presented by the petitioner in support of an actual-innocence exception to the doctrine of procedural default under *Schlup*). "Actual innocence" in this context refers to factual innocence and not mere legal sufficiency. *Bousely v. United States*, 523 U.S. 614, 623-624 (1998).

Assuming, without deciding, that *McQuiggin* applies in the context of a guilty plea, petitioner only makes a claim-not a showing-of actual innocence.³ In fact, petitioner concedes that his actual innocence claim "is procedural rather than substantive," and his so-called "new evidence" is irrelevant to the issue of his innocence of the offense to which he pleaded guilty. (Pet'r Reply at 2) Petitioner fails to meet the threshold requirements of actual innocence by showing that in light of new evidence, no reasonable juror would have found him guilty beyond a reasonable doubt if he had not pleaded guilty.

Accordingly, petitioner's federal petition was due on or before March 2, 2006, therefore his petition filed on November

---

³Some circuit courts have held that a guilty plea discloses petitioner from arguing actual innocence to extend a time period under *McQuiggin*. *See, e.g., Jackson v. United States*, No. 13-CV-818-JPS, 2013 WL 5295701 (E.D.Wis. Sept.18, 2013); *Sidener v. United States*, No. 11-CV-3085, 2013 WL 4041375 (C.D.Ill. Aug. 8, 2013); *United States v. Cunningham*, 2013 WL 3899335 (S.D.Tex. July 27, 2013). *But see Green v. Williams*, No. 3:11-CV-00455-HDM, 2013 WL 4458971 (D.Nev. Aug.16, 2013).

7

13, 2013, was filed beyond the limitations period and is untimely.

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as time-barred.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not demonstrated his petition is timely and has not made a substantial showing of the denial of a constitutional right.

SIGNED March 7, 2014.

_____
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE